IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 99-258-A |
| | )   Civil Action No. 1:05cv390 |
| GILBERT F. HEPBURN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Defendant, acting pro se, has filed a Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, in which he asks the Court to resentence him pursuant to 18 U.S.C. § 3582(c)(1)(B) and United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005). Having fully reviewed defendant's Motion, the case file, and defendant's Presentence Report (PSR), the Court finds defendant's § 2255 Motion to be meritless. Accordingly, the Motion will be summarily dismissed under Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings in the United States Courts.[1]

I.

On July 19, 2000, defendant pled guilty without a plea agreement to Count I of the superceding indictment, which charged him with conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On October 20, 2000,

---

[1] Rule 4(b) provides in pertinent part that:
   [T]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

defendant was sentenced to 292 months incarceration, to be served concurrently with a sentence previously imposed in South Carolina. Defendant did not appeal either his conviction or sentence, which became final on October 31, 2000, when the time to appeal expired. On February 8, 2001, the government filed a Motion for Reduction of Sentence under Fed. R. Crim. P. 35(b), in which it asked the Court to reduce defendant's sentence by one-third, to 200 months. Defendant, through his counsel, responded by asking for a larger reduction based on the one-half and two-thirds reductions that had been given to many co-defendants.  A one-half reduction would have resulted in a sentence of 146 months incarceration, and a two-thirds reduction would have resulted in a sentence of 97 months incarceration.  On February 16, 2001, the Court granted the government's Motion, reducing the sentence to 180 months incarceration, which was a larger reduction than the government requested yet less than what defendant sought.  The Court based that final sentence on its assessment of defendant's criminal history, the level of his involvement in the conspiracy as a drug supplier to the co-defendants, and the amount of drugs involved in the conspiracy.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a strict one-year limitation on the time in which a prisoner may file a § 2255 motion.  The one-year period for filing such motions runs from the "latest of

**2**

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Defendant's original sentence became final and unappealable on October 31, 2000.  An unappealed sentence becomes final on the date it is imposed regardless of whether it is later modified in response to a Rule 35(b) motion.  United States v. Sanders, 247 F.3d 139, 142-144 (4th Cir. 2001).  However, even if February 16, 2001, the date of the amended sentence, were used to start the one-year period, defendant's § 2255 motion would remain untimely.

Defendant appears to try to use the third timing provision by arguing that the one-year period should start to run from the recent Booker decision.  However, the Supreme Court has not announced that Booker applies retroactively to cases on collateral review, and the courts of appeals that have considered this issue uniformly have found no such retroactivity.  See, e.g., In re Olopade, 403 F.3d 159, 162-163 (3d Cir. 2005); United States v. Humphress, 398 F.3d 855, 860 (6th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Vareta v. United States, 400

F.3d 864, 868 (11th Cir. 2005). Accordingly, this § 2255 must be dismissed as untimely filed.

III.

Even if the motion were not time-barred, it would be dismissed as meritless because defendant's final sentence was not based on the Guidelines or any enhancements about which defendant complains in this Motion. Defendant asks the Court to resentence or release him on the issues he claimed were "reserved" during his sentencing hearing. In the defendant's sentencing memorandum, he contested only two guideline enhancements: a four point increase to the offense level for a managerial role and a three point increase to the criminal history for the South Carolina conviction. He then argues in his Motion that in light of <u>Booker</u>, the Court violated his Sixth Amendment rights by basing his sentence on enhancements, which were not proved to a jury beyond a reasonable doubt. As the record shows, however, the Court did not apply the role enhancement defendant contested at sentencing and also granted defendant's request to reduce his criminal history from V and IV by treating the South Carolina conviction as relevant conduct.[2]

Defendant also argues for the first time in this Motion that he objects to a two-level enhancement under U.S.S.G. 2D1.1(b)(1) for possession of a firearm during commission of a drug offense.

---

[2] <u>See</u> Attachment 1, those pages from the PSR reflecting the Court's reductions to the original calculations.

Defendant alleges that by adopting that gun enhancement, the Court illegally sentenced "him to 60 months above his guideline maximum of 120 months."  Lastly, defendant also objects to receiving an enhancement for more than minimal planning.  A review of the PSR shows that no enhancement for more than minimal planning was included in defendant's Guideline calculation, however, the offense level was increased two levels for possession of a firearm. Defendant claims his Guideline range would have been only 110-137 months without these enhancements.  That claim is wrong because the quantity of drugs for which defendant was held accountable, and which he never contested and still does not contest, was 1.5 kilograms of cocaine base.  That drug quantity resulted in a base offense level of 38.  Even without the two-level enhancement for possession of a firearm, defendant's Guideline range would have been 210-262 months, given his criminal history.  The defendant's final sentence falls well below that range.

The final sentence defendant received after the Rule 35(b) motion was granted reflects defendant's serious criminal history and low potential for rehabilitation.  As paragraphs 39-41 of the PSR establish, defendant who was 30 years old when sentenced, had an extensive criminal history, including a conviction in 1992 for possessing stolen property, for which he received a sentence of five years probation.  That probation was revoked on May 17, 1995, as a result of a 1994 felony conviction for possession of stolen credit cards.  Defendant received concurrent sentences of 18 to 30

months imprisonment on both the 1994 offense and the probation violation.   On May 1, 2000, defendant was convicted in South Carolina for possessing counterfeit motor vehicle titles and sentenced to 37 months imprisonment.  Defendant's final sentence of 180 months appropriately recognized his recidivist background, maintained an appropriate parity with defendant's many co-defendants, and recognized that defendant was the source of the drugs for the co-defendants.

Section 2255 does not allow a defendant to seek resentencing merely because he is dissatisfied with the sentence.   To merit resentencing, a defendant must be able to show that he was denied a recognized Constitutional right when the Court sentenced him. Clearly, defendant has not made that showing.   Accordingly, his Motion must be dismissed not only because it is time-barred, but because it lacks any substantive merit.   An Order will issue with this Opinion.

The Clerk is directed to forward copies of this Memorandum Opinion to defendant, pro se, and counsel of record.

Entered this 3rd day of May, 2005.


_____/s/_____
Leonie M. Brinkema
United States District Judge


Alexandria, Virginia